HALEY, Defendant in Error, *vs.* SCOTT, Plaintiff in Error.

1. It is not the practice of the supreme court to award damages upon the affirmance of a judgment, when the case has been appealed without a *supersedeas.*

*Error to St. Louis Court of Common Pleas.*

*H. N. Hart,* for plaintiff in error.
*M. L. Gray,* for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

Haley filed his petition against Scott and another defendant, Otis, alleging that they were partners, composing a firm in Boston called " Otis & Co.," and another firm in St. Louis called " Scott & Otis ;" that he sold to Otis & Co. merchandise to the amount of $434 73, for which Otis & Co. gave their notes ; that the notes not being paid, another note was executed in the name of Scott & Otis and the first surrendered ; that

Haley *v.* Scott.

this note not being paid, was given up by the plaintiff and an order was taken from Otis & Co. upon Scott & Otis for the amount, with interest, to be paid in goods at St. Louis ; that Scott & Otis refused to accept the order or deliver the goods, although demanded. The suit, as to Otis, was dismissed, and Scott answered, denying that he was a partner of the firm of Otis & Co., and alleging that, if Otis & Co. had purchased any goods of the plaintiff, they had executed notes in satisfaction of the original indebtedness, and further alleging, that a part of the purchase made from the plaintiff, if any was made, was for the private use and account of the partner, Otis, and that Scott had refused to accept the order drawn by Otis & Co. on Scott & Otis, for two reasons : first, because a part of its consideration was for the goods bought by Otis for his individual use ; and second, because Scott was not a partner of the firm of Scott & Otis. The trial was before the court and the evidence is preserved in a bill of exceptions, which was taken to the refusal of the court to grant a review. The court found all the facts stated in the plaintiff's petition. No evidence was given to show that Otis had purchased any goods for his individual use, nor that any notes were accepted in satisfaction of the original purchase, and the evidence is conclusive, that the defendant, Scott, was a member of both the Boston and St. Louis firms, which were composed of the same persons. The court gave judgment for the amount of the order, which included the amount of the original purchase.

1. There is, really, no question of law presented in the case, and there is no doubt that the evidence warranted the judgment. The defendant in error asks that damages may be awarded on the affirmance of the judgment. It is not according to the practice of the court to award damages when the case is brought here by writ of error, unless a *supersedeas* has been obtained. We give damages when the party, by appeal or *supersedeas*, prevents the collection of the amount recovered.

Let the judgment be affirmed.