GEORGE BOBB, Respondent, v. PENNSYLVANIA INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, October 30, 1888.

1. **Affirmance for Failure to Prosecute Appeal.** Upon a motion to affirm for failure to file the transcript within the time required by law, where it appears that the appeal was granted four months, and the transcript was ready for filing more than two months before the first day of the term of this court, no sufficient excuse for the delay appears in the facts that the appellant resides in the state of Pennsylvania, and that the money to pay transcript and filing fees was not furnished to the attorney here until a few days before the beginning of the term.

2. **Practice, Appellate : DAMAGES ON AFFIRMANCE.** Where no *supersedeas* bond was given on the appeal, and the question in controversy appears to be fairly debatable, damages will not be awarded on affirmance of the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, *Judge.*

AFFIRMED.

*James P. Dawson,* for the appellant.

*A. A. Paxson,* for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The respondent moves to affirm the judgment of the trial court in this cause because the appeal was granted therein more than thirty days prior to the beginning of the present term of this court, and the transcript of the record was not filed within fifteen days prior to the commencement of the term in the clerk's office of this court. He also moves that the judgment be affirmed with ten per cent. damages because the appeal is frivolous.

The appellant files an affidavit of his counsel in opposition to the motion, stating in substance that the appellant is a non-resident, and that as soon as the counsel was advised by the circuit clerk that he had completed the transcript, he requested his client by letter to remit the necessary funds to pay for it, but that the request, owing to the probable absence of his client's secretary, was not acted upon by his client until within a few days of the beginning of the present term of this court.

An appeal was granted on June 1, 1888. The certificate of the clerk shows that the transcript was completed by him July 11, 1888. Counsel had more than two months to obtain from his client the necessary funds for paying for the same ; so the affidavit shows no diligence even if we were prepared to concede that the mere fact that the client is a non-resident is entitled to consideration.

The appeal was granted without *supersedeas* bond. The supreme court in *Haley v. Scott*, 18 Mo. 203,

announced its practice to give damages on affirmance only where the adverse party by appeal or *supersedeas* prevents the collection of the amount recovered. Independent of this an examination of the record discloses the fact that it raises a question of law fairly debatable, and we think damages should be denied.

Judgment affirmed. All the judges concur.